**UNITED STATES OF AMERICA**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GOBRAN MOHAMED,

                 Plaintiff,

-vs-

QATAR AIRWAYS Q.C.S.C.,
 d/b/a QATAR AIRWAYS

                 Defendant.

Case No. 1:26-cv-1668
Hon.

**DEFINED LAW, PLLC**
JAMIL MOURAD (P84246)
*Attorney for Plaintiff*
835 Mason St. (Suite D160)
Dearborn, MI 48124
(313) 650-5050
jm@definedlaw.com

DEFINED LAW, PLLC
ATTORNEYS & COUNSELORS
835 Mason St, Suite D160, Dearborn, MI 48124

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Gobran Mohamed, by and through his attorneys, Jamil Mourad and Defined Law, PLLC, and for his Complaint against Defendant, states as follows:

1. Plaintiff Gobran Mohamed (hereinafter "Plaintiff") is a resident of the City of Detroit, County of Wayne and State of Michigan.

2. Defendant Qatar Airways Q.C.S.C. (hereinafter "Defendant") is a closed joint-stock company formed under the laws of Qatar with a principal place of business in Qatar.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 & §1332(a) because this action arises under an international treaty, the Montreal Convention, and involves complete diversity of citizenship between Plaintiff and Defendant, and the

amount in controversy is Three Hundred Thousand Dollars ($300,000).

4. This Court has personal jurisdiction over Qatar Airways Q.C.S.C. pursuant to Fed. R. Civ. P. 4(k)(1)(A) and MCL 600.715 because Defendant transacted business within the State of Michigan including marketing and selling international airline tickets to Michigan residents and purposefully availing itself of the Michigan market. Further, Defendant caused consequences to occur in Michigan giving rise to this action, as Plaintiff is a Michigan resident who suffered injuries during international air travel and continues to suffer damages in Michigan, including medical treatment, pain and suffering, and economic losses. The exercise of personal jurisdiction over Defendant comports with traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District, including Plaintiff's purchase of air travel services from Defendant while located in Michigan and Plaintiff's resulting damages and medical treatment within this District. Additionally, venue is proper pursuant to 28 U.S.C. § 1391(c)(3) because Defendant Qatar Airways is a foreign corporation and may be sued in any judicial district.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully restated and set forth herein.

7. On May 23, 2024, Plaintiff was a paying passenger aboard Qatar Airways Flight QR726, an international flight from Chicago, Illinois to Doha, Qatar, seated in 29A.

8. Plaintiff purchased a ticket for approximately Three Thousand Dollars ($3,000) for this

DEFINED LAW, PLLC
ATTORNEYS & COUNSELORS
835 Mason St, Suite D160, Dearborn, MI 48124

flight.

9. While the aircraft was in flight, at cruising altitude, an overhead compartment opened, and a luggage fell upon Plaintiff's head.

10. A heavy trolley bag fell from the overhead compartment directly onto Plaintiff's head and neck with substantial force.

11. Plaintiff immediately experienced sharp and dull pain in the back of his head and neck, accompanied by dizziness and blurred vision. Plaintiff nearly lost consciousness.

12. Throughout the flight, Plaintiff was disoriented and in excruciating pain and the cabin crew was alerted to the incident.

13. The cabin crew provided onboard medical assistance and Medlink, the airline's in-flight independent remote medical advisory service, was contacted.

14. Medlink recommended administration of one sachet of Volfast, a pain medication, along with application of a cold compress.

15. The pain medication and cold compress provided temporary relief. However, Plaintiff's pain persisted throughout the remainder of the thirteen-hour flight.

16. Upon arrival in Egypt, Plaintiff experienced prolonged fatigue and excessive sleepiness.

17. Plaintiff's symptoms included cognitive fog, forgetfulness, neck tightness and back pain, unusual exhaustion, feeling overwhelmingly sleepy and lethargic, struggling to stay awake for long periods, cognitive fog, lasting neurological and physical consequences which disrupted daily life.

18. While in Egypt, Plaintiff sought medical attention and underwent an MRI scan in Egypt.

19. Upon returning to the United States, Plaintiff consulted with a neurologist and diagnosed Plaintiff with lower back disc disease attributable to the incident.

DEFINED LAW, PLLC
ATTORNEYS & COUNSELORS
835 Mason St, Suite D160, Dearborn, MI 48124

20. Plaintiff then consulted with a chiropractor who recommended ongoing treatment including frequent visits, medication, and therapeutic exercises.

21. Plaintiff was diagnosed with segmental and somatic dysfunction of the cervical, thoracic, lumbar, and sacral regions. Further, Plaintiff was diagnosed with traumatic spondylopathy of the cervical, thoracic, lumbar, sacral regions, and with radiculopathy of the lumbosacral region.

22. Plaintiff's pain levels often ranged from eight out of ten to ten out of ten on a pain scale and went on to Plaintiff received chiropractic manipulative treatment to multiple spinal regions at a frequency of three visits per week.

23. Plaintiff's persistent neck tightness and back pain have significantly impaired his ability to perform daily activities, with significant difficulty walking, working, and maintaining proper posture.

24. Plaintiff has been receiving treatment with a psychotherapist at Sollars and Associates due to this incident.

25. Plaintiff is seeking compensation for pain and suffering, medical expenses, lost wages, emotional distress, amongst others, for the negligence of Defendant.

26. On May 25, 2024, Plaintiff contacted Defendant to report the incident and request an investigation and reimbursement.

27. On May 30, 2024, Defendant acknowledged the injury and issued an apology.

28. On November 23, 2024, Defendant offered Plaintiff Five Hundred Dollars ($500) on a without prejudice basis as full and final settlement of the matter, in which Plaintiff rejected the offer as inadequate.

29. Defendant acknowledged the incident.

DEFINED LAW, PLLC
ATTORNEYS & COUNSELORS
835 Mason St, Suite D160, Dearborn, MI 48124

30. On August 15, 2025, Plaintiff's counsel issued a formal demand letter to Defendant demanding Three Hundred Thousand ($300,000) in full settlement within twenty-one business days.

31. Defendant has not made any further settlement offers.

## COUNT I
## NEGLIGENCE (COMMON LAW)

32. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

33. Defendant owed a duty of care to Plaintiff as a paying passenger on its aircraft.

34. Defendant breached this duty by failing to adequately secure or monitor overhead luggage compartments.

35. Defendant breached this duty by failing to provide adequate instructions or warnings to passengers regarding proper handling of overhead luggage.

36. Defendant breached this duty by failing to supervise.

37. Defendant breached this duty by failing to implement safety measures to prevent luggage from falling on passengers.

38. The breach directly caused Plaintiff's injuries when luggage fell from an overhead compartment onto Plaintiff's head and neck with substantial force on May 23, 2024.

39. Plaintiff suffered immediate injuries including sharp pain, dizziness, blurred vision, near loss of consciousness and delayed-onset injuries including prolonged fatigue, cognitive fog, neck tightness, and back pain.

40. Plaintiff has incurred medical expenses for chiropractic treatment, neurological evaluation, and diagnostic testing. Plaintiff has suffered pain and suffering, lost wages, and functional impairment.

DEFINED LAW, PLLC
ATTORNEYS & COUNSELORS
835 Mason St, Suite D160, Dearborn, MI 48124

41. As a direct and proximate result of Defendant's negligence, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT II
## PREMISES LIABILITY

42. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

43. Defendant owned and controlled the aircraft, which constitutes the premises.

44. Defendant knew or should have known that overhead luggage compartments pose a risk of luggage falling on passengers if not properly secured or monitored.

45. Defendant failed to implement adequate safety measures, such as securing luggage compartments, providing warnings, or supervising the handling of luggage.

46. Plaintiff was a paying passenger on the aircraft, and his presence was foreseeable.

47. Plaintiff was injured when luggage fell from an overhead compartment onto his head and neck with substantial force on May 23, 2024.

48. The injury directly resulted from the dangerous condition of the unsecured and unmonitored luggage compartment.

49. As a result, Plaintiff suffered immediate and delayed-onset injuries, incurred medical expenses, suffered pain and suffering, lost wages, and functional impairment.

50. As a direct and proximate result of the dangerous condition on defendant's premises, plaintiff has been damaged in an amount to be determined at trial.

## COUNT III
## VIOLATION OF MONTREAL CONVENTION, 1999
## STRICT LIABILITY FOR PASSENGER INJURY

51. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

52. The Montreal Convention, May 28, 1999, S. Treaty Doc. No. 106-45, 1999 WL 33292734, is an international treaty that governs liability for passenger injuries on international flights.

DEFINED LAW, PLLC
ATTORNEYS & COUNSELORS
835 Mason St, Suite D160, Dearborn, MI 48124

53. Article 17 of the Montreal Convention imposes strict liability on air carriers for passenger injuries caused by accidents on board the aircraft.

54. Plaintiff was a paying passenger on Qatar Airways Flight QR726, an international flight from Chicago to Doha, on May 23, 2024.

55. An accident occurred on board the aircraft during flight at cruising altitude when another passenger's luggage fell from an overhead compartment onto plaintiff's head and neck with substantial force.

56. The accident directly caused bodily injury to Plaintiff.

57. Plaintiff suffered immediate injuries including sharp pain, dizziness, blurred vision, and near loss of consciousness.

58. Plaintiff suffered delayed-onset injuries including prolonged fatigue, cognitive fog, neck tightness, back pain, and mild lower back disc disease.

59. Plaintiff has incurred medical expenses for chiropractic treatment, neurological evaluation, and diagnostic testing.

60. Plaintiff has suffered pain and suffering, lost wages, emotional distress, and functional impairment.

61. Under the Montreal Convention, Defendant is strictly liable for Plaintiff's injuries.

62. As a direct and proximate result of the accident on board Defendant's aircraft, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT IV
## NEGLIGENT SUPERVISION AND TRAINING

63. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

64. Defendant had a duty to supervise and train its cabin crew to ensure passenger safety and

to prevent injuries caused by negligent passenger conduct.

65. Defendant breached this duty by failing to provide adequate training to cabin crew on how to prevent or mitigate the risk of overhead luggage falling on passengers.

66. Defendant breached this duty by failing to supervise cabin crew to ensure they were monitoring overhead luggage compartments and passenger handling of luggage.

67. Defendant breached this duty by failing to implement and enforce safety procedures regarding overhead luggage handling.

68. Defendant breached this duty by failing to provide adequate warnings or instructions to passengers regarding proper handling of overhead luggage.

69. The breach resulted in Plaintiff's injury when luggage fell from an overhead compartment onto plaintiff's head and neck on May 23, 2024.

70. Plaintiff suffered documented damages including medical expenses, pain and suffering, lost wages, and functional impairment.

71. As a direct and proximate result of Defendant's negligent supervision and training, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT V
## BREACH OF DUTY UNDER COMMON CARRIER LIABILITY

72. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

73. Defendant is a common carrier engaged in the business of transporting passengers by air.

74. Defendant owed Plaintiff, a paying passenger, a heightened duty of care to protect against foreseeable hazards and to maintain safe premises.

75. Defendant breached this duty by failing to adequately secure or monitor overhead luggage compartments.

76. Defendant breached this duty by failing to provide adequate instructions or warnings to passengers regarding proper handling of overhead luggage.

DEFINED LAW, PLLC
ATTORNEYS & COUNSELORS
835 Mason St, Suite D160, Dearborn, MI 48124

77. Defendant breached this duty by failing to implement safety measures to prevent luggage from falling on passengers.

78. The breach directly caused Plaintiff's injury when luggage fell from an overhead compartment onto Plaintiff's head and neck on May 23, 2024.

79. Plaintiff suffered documented damages including medical expenses, pain and suffering, lost wages, and functional impairment.

80. As a direct and proximate result of Defendant's breach of its duty as a common carrier, Plaintiff has been damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $300,000.00, plus compensatory and punitive damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and as follows:

1. Compensatory damages for medical expenses, including reimbursement for all medical expenses incurred as a result of the injury, including chiropractic treatment and potentially ongoing, neurological evaluation, diagnostic testing, psychotherapy, medications, and future medical care for persistent neck tightness and back pain;

2. Compensatory damages for pain and suffering, including compensation for the physical pain, discomfort, and suffering experienced by plaintiff as a result of the injury, including immediate excruciating pain during the flight, persistent neck tightness and back pain, functional impairment, and ongoing discomfort with documented pain levels of eight out of ten to ten out of ten over an extended period, pursuant to MCL 600.6306, which defines "personal injury" to include bodily harm, sickness, disease, and emotional harm resulting from bodily harm, and defines "future damages" to include damages for

DEFINED LAW, PLLC
ATTORNEYS & COUNSELORS
835 Mason St, Suite D160, Dearborn, MI 48124

pain and suffering;

3. Compensatory damages for lost wages, including compensation for lost wages and lost earning capacity resulting from plaintiff's inability to work due to the after-effects of the injury, including pain, functional impairment, and ongoing medical treatment, pursuant to MCL 600.6306, which defines "future damages" to include damages for loss of earnings and loss of earning capacity;

4. Compensatory damages for emotional distress, including compensation for the psychological impact of the incident, including anxiety, fear of flying, and emotional trauma affecting plaintiff's quality of life and well-being;

5. Punitive damages to punish the defendant for reckless or outrageous conduct and to deter similar conduct in the future, based on the airline's offer of only five hundred dollars in settlement despite acknowledging the injury and the plaintiff's documented medical expenses and ongoing pain, which demonstrates recklessness or a callous disregard for the plaintiff's suffering;

6. Attorney fees and costs, including reimbursement for reasonable attorney fees and litigation costs incurred in pursuing the claim;

7. Pre-judgment interest on damages from the date of injury to the date of judgment;

8. Post judgment interest on the judgment from the date of judgment until paid;

9. Such other and further relief as this Court deems just and proper.

DEFINED LAW, PLLC
ATTORNEYS & COUNSELORS
835 Mason St, Suite D160, Dearborn, MI 48124

## **DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff, Gobran Mohamed, by and through his attorneys, Jamil Mourad

and Defined Law, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully Submitted,

**DEFINED LAW, PLLC**
*/s/ Jamil Mourad*
JAMIL MOURAD (P84246)
*Attorney for Plaintiff*
835 Mason St. (Suite D160)
Dearborn, MI 48124
(313) 650-5050

Dated: May 21, 2026.